**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| PERCY HUTTON, | : | Case No. 2:26-cv-989 |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Douglas R. Cole[1] |
| | : | Magistrate Judge Stephanie K. Bowman |
| MAJOR SHANE CLARK, | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff Percy Hutton has filed a pro se civil rights Complaint against Defendant Shane Clark, Corrections Officer at Chillicothe Correctional Institution ("CCI"). (Doc. 3). Plaintiff's allegations arise from the alleged deprivation of personal property when Plaintiff transferred from CCI to another institution. (*Id.* at PageID 36-44). Plaintiff sues Defendant Clark in his individual capacity. (*Id.* at PageID 36). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 2).

This matter is currently before the Court for a sua sponte review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

[1] On October 3, 2026, this case was reassigned to Judge Douglas R. Cole. (Doc. 4, PageID 52, 54).

## I. SCREENING STANDARD

Because Plaintiff is a prisoner who is seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are "delusional" or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citations omitted); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 327-28).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 (finding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that Defendant Shane Clark confiscated Plaintiff's personal property and legal materials without adequate due process during a prison transfer from CCI to Ross Correctional Institution ("RCI"). (Complaint, Doc. 3, PageID 34, 36). Plaintiff alleges that on May 16, 2024, he was escorted to CCI's gymnasium with his personal property and legal materials that he had accumulated while housed at CCI to pack up these items for transfer. (*Id.* at PageID 36). Plaintiff alleges that Clark, appearing "annoyed with the volume" of items, questioned "why

he had the amount of property that he did." (*Id.*). Clark pointed out the amount of Plaintiff's items to other CCI staff and instructed them to "tear his shit up." (*Id.* at PageID 37).

During the pack up, Plaintiff alleges that the CCI staff members removed electronics from his property, including a keyboard and typewriter. (*Id.*). They also threw away "numerous articles of clothing, books, magazines, photo albums, and commissary food items," Plaintiff alleges. (*Id.*). He also alleges that the items included a container filled with Plaintiff's legal materials, including hundreds of pages of Ohio Administrative Regulations ("OARs") and Ohio Department of Rehabilitation and Corrections ("ODRC") policies that Clark instructed the other staff members to discard. (*Id.*). Plaintiff alleges that he protested and told Clark and the other officers that he was within the property limits or if not, that he "should be given the opportunity to send the excess items home in accordance with ODRC policy." (*Id.*). These statements and requests were ignored, he alleges. (*Id.*).

Plaintiff alleges that he was unable to keep track of everything because the CCI staff members worked quickly to process and discard his items. (Doc. 3, PageID 38). Plaintiff did notice that his keyboard, PSP gaming system, and large clock were placed on a separate table, he alleges, and assumed these items would be packed up and transferred. (*Id.*). Plaintiff alleges, however, that he discovered his keyboard, PSP, and legal materials were confiscated once transferred to RCI on May 21, 2024. (*Id.*). Plaintiff initiated the prison grievance procedure, which resulted in a finding that there was no record of the keyboard but that the PSP was missing because of the transfer. (*Id.*). Plaintiff alleges that he was never compensated for the PSP despite the determination to reimburse him for the item. (*Id.*).

Plaintiff alleges that on September 11, 2025, he sought relief on the Court of Claims for the negligent handling of his property. (*Id.* at PageID 39). He alleges that ODRC submitted an

Investigation Report finding Plaintiff's PSP claim to be credible and would be reimbursed but that Plaintiff did not "rightfully own[]" the keyboard. (*Id.*). The Court of Claims then issued an Administrative Determination denying Plaintiff's claims. (*Id.* at PageID 41). Plaintiff again alleges that he never received reimbursement for his PSP and disagrees with the findings about the keyboard. (*Id.* at PageID 39-41). Plaintiff also alleges that the amount of legal materials he possessed was within the permitted limit and explains why he had the OARs and ODRC policies. (*Id.* at PageID 40).

Plaintiff further alleges that he sought review of the Administrative Determination, but that he faced delay in drafting his motion and that his outgoing legal mail was held for several days causing him to miss the deadline to file. (*Id.* at PageID 41-42). While Plaintiff alleges that he tried to appeal the decision in the Tenth District Court of Appeals, under Ohio law, appellate courts lack jurisdiction over appeals from the Court of Claims. (*Id.* at PageID 43).

In sum, Plaintiff alleges that Defendant Clark deprived him of his personal property without providing pre-deprivation procedural protections and that the "[a]vailable state post-deprivation remedies did not adequately compensate" him. (*Id.* at PageID 44).

Plaintiff seeks monetary relief. (*Id.* at PageID 45).

## III. ANALYSIS

The Undersigned understands Plaintiff to be raising Fourteenth Amendment Due Process claims against Defendant Clark for allegedly depriving Plaintiff of his personal property. Plaintiff also appears to be raising state-law claims regarding violations of ODRC policies that occurred during the property pack-up and transfer process. But upon initial screening, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** in its entirety for the failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

As an initial matter, Plaintiff's claims may face a time bar. *See Hollis v. Erdos*, 480 F. Supp. 823, 829 (S.D. Ohio 2020) (citations omitted) (finding that under Ohio law, § 1983 actions must be raised within two years of the alleged violation but that the accrual date is a question of federal law). Plaintiff's allegations arise from events that occurred just over two years ago. (Complaint, Doc. 3, PageID 36-38 (alleging deprivation of property claims that Plaintiff had knowledge of in May/June 2024)). But given the proximity of timing, the Undersigned addresses the merits of Plaintiff's allegations in the abundance of caution without making a determination as to the time-bar issue. That said, his allegations that Defendant Clark deprived Plaintiff of his personal property and legal materials fail to state a plausible claim for relief.

Negligent and intentional deprivations of property that are conducted without providing either adequate pre- or post-deprivation procedures violate the Fourteenth Amendment Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Deprivation of property claims require a plaintiff to "attack the state's corrective procedures as well as the substantive wrong." *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004) (citations omitted); *Lumbus v. Weisbar*, No. 1:23-cv-196, 2024 WL 1756915, at *18 (S.D. Ohio Apr. 24, 2024) (citing *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983)) ("[T]he Sixth Circuit requires a plaintiff to plead and prove that available state remedies are inadequate or systematically defective to state a claim for procedural process under § 1983 for deprivation of property."). In other words, to state a cognizable § 1983 deprivation-of-property claim under the Fourteenth Amendment, a plaintiff must allege that the "state remedies for redressing the wrong are inadequate." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 650 (S.D. Ohio 2023) (quoting *Vicory*, 721 F.2d at 1065-66). Plaintiff fails to satisfy that requirement here. (*See generally* Doc. 3).

Plaintiff pursued his claims through both the prison grievance process and through the Court of Claims. Plaintiff first alleges that he followed the prison grievance procedure to address the issues. (*Id.* at PageID 38-39). After appealing the original denial, Plaintiff found positive relief with a determination that at least some of his claims were valid. (*Id.* at PageID 38, 49). Plaintiff was to be awarded reimbursement for the PSP and for a pair of broken headphones. (*Id.* at PageID 38 (allegations in the complaint); *id.* at PageID 49 (prison grievance communications)). While Plaintiff alleges that he never received the reimbursement, dissatisfaction with the prison's grievance procedure is insufficient to satisfy his burden because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (collecting cases) (finding that "there is no inherent constitutional right to an effective grievance procedure").

Plaintiff then pursued relief through the Court of Claims, which resulted in his claims being denied. (Doc. 3, PageID 39-42). Plaintiff alleges that the Administrative Determination by the Court of Claims conflicted with the findings from the prison grievance procedure and ODRC's Investigative Report regarding his missing items. (*Id.* at PageID 41). He alleges that "[a]vailable state post-deprivation remedies did not adequately compensate" him. (*Id.* at PageID 44). But again, Plaintiff appears dissatisfied with the outcome of the process rather than demonstrating that Ohio fails to offer adequate opportunities to address his claims. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534-36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."). Disagreement with the outcome of the state processes or failing to find relief in state court differs from showing that these available options are inadequate. And based on Plaintiff's allegations, he attributes issues in

having his claims reviewed to his lack of legal knowledge and available resources that caused delays in filing and to RCI holding his legal mail for several days before mailing his documents to the Court of Claims. (Doc. 3, PageID 41-43). Accordingly, Plaintiff fails to state a plausible Fourteenth Amendment deprivation of property claim, and such claims should be **DISMISSED**.

And to any extent Plaintiff alleges that Defendant Clark interfered with his access to the courts by depriving Plaintiff of his printed copies of the OARs and ODRC policies (*see* Complaint, Doc. 3, PageID 40), such allegations also fail to state a plausible claim for relief. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)) (finding that a plaintiff must allege an actual injury to state an access-to-courts claim under the First Amendment). While Plaintiff alleges that he uses those documents in pursuing his legal claims (Doc. 3, PageID 40), he has failed to demonstrate an actual injury that he connects to Clark taking the documents from him. As noted above, Plaintiff's allegations appear to attribute the failure to obtain relief in the Court of Claims in part to his reliance on another inmate for legal assistance, to drafting issues in wording his "Motion for Court Review," and to RCI's delay in mailing his motion. (*See id.* at PageID 41-43). Plaintiff fails to allege an actual injury based on Clark's actions in depriving him of the printed OARs and ODRC policies, and thus he fails to state an access-to-court claim upon which relief may be granted. *See Harbin-Bey*, 420 F.3d at 578 (citing *Thaddeus–X*, 175 F.3d at 394).

Additionally, Plaintiff's claims under 42 U.S.C. § 1983 cannot be based on a violation of Ohio state law or ODRC policy. *See Williams v. Burgess*, No. 5:21-cv-00099, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal

constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate"). Plaintiff alleges that Defendant Clark had a duty to provide "adequate procedural protections" before depriving him of his property, protections which were available through a pre-deprivation process. (Complaint, Doc. 3, PageID 44 (citing to Ohio Administrative Code provisions)). Plaintiff also alleges that Clark violated ODRC policy when Clark ignored Plaintiff's requests to send home excess items. (*Id.* at PageID 37). These allegations, however, raise violations under Ohio state law and ODRC policies, and such claims should be **DISMISSED**. *See Williams*, 2021 WL 5816830, at *4 (citing *Laney*, 501 F.3d at 580 n.2); *Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (citations omitted) (dismissing alleged violations of ODRC policy because they "fall outside the scope of § 1983").

## IV. CONCLUSION

Because Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 3) be **DIMISSED** in its entirety. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

The Undersigned further **RECOMMENDS** certifying that any appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Plaintiff may file objections to these recommendations in accordance with the attached Notice Regarding Objections.

**IT IS SO RECOMMENDED**.

**Date: October 26, 2026**

*s/Stephanie K. Bowman*
**Stephanie K. Bowman**
**United States Chief Magistrate Judge**

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).